ATTACHMENT #2(A)

02-06-2017

"THIS IS A REQUEST FOR FOR ADMINISTRATIVE REMEDY PROCEDURE,"
PURSUANT TO LA. REV. STAT. 15:1171 ET SEQ.

TO: WARDEN KEITH DEVILLE, WNC.
FROM: REV. QUINTEN M. MORAN #465482, WNC.
RE: 01-20-2017 DISCIPLINARY REPORT.

ON 02-02-2017, I WAS FOUND GUILTY OF A RULE (1) VIOLATION, CONTRABAND, FOR ALLEGEDLY HAVING A WEAPON IN MY BOOTS, AND WAS SANCTIONED WITH A 60-DAY FORFEITURE OF GOOD TIME. EVER-SINCE I WAS QUESTIONED BY CAPT. BOBBY TOLER & LT. MICHEAL CORLEY ABOUT "RUMORS" OF ME GETTING OFFENDERS' NAMES TO BE USED AS WITNESSES TO THE HOMICIDES RANGING FROM AUGUST TO DECEMBER 2016, I HAVE BEEN HARASSED BY STAFF HERE, AND MORE IMPORTANTLY, SUBJECTED TO FALSE DISCIPLINARY REPORTS -- THE AFOREMENTIONED REPORT BEING THE THIRD ONE SINCE THE INITIAL CONFRONTATION. YOU KNOW ME WELL ENOUGH TO KNOW THAT "KNIVES" IS NOT MY M.O.

IF YOU REVIEW THE "PELCO SECURITY CAMERA SYSTEM," YOU WILL CLEARLY SEE THAT NOTHING WAS CONFISCATED FROM MY IMMEDIATE AREA, & THE WRITE-UP IS BOGUS! THE ONLY REASON I PLED GUILTY IN DB COURT WAS BECAUSE THERE WAS A PHOTOGRAPH OF A WEAPON ATTACHED TO THE REPORT, & THE COUNSEL SUBSTITUTE TOLD ME THE CAMERAS "ROLLED OVER" EVERY (7) DAYS -- I FELT I HAD NO DEFENSE! LOOK INTO THIS MR. DEVILLE, PLEASE. RESPECTFULLY SUBMITTED:

REV. [signature] S.:.M.:.
#465482

ATTACHMENT #2(B)

02-27-2017

"EMERGENCY REQUEST FOR ADMINISTRATIVE REMEDY PROCEDURE," PURSUANT TO LA.R.S. 15:1171 ET SEQ.

TO: OFFICE OF INTERNAL AFFAIRS, LDPSC HEADQUARTERS.
FROM: REV. QUINTEN M. MORAN #465482, WNC.

ON 02-02-2017, I WAS FOUND GUILTY OF A FALSE DISCIPLINARY REPORT. I FILED A SUBSEQUENT "A.R.P." TO THE WARDEN HERE @ WNC, HOWEVER, NOT ONLY HAS HE YET TO RESPOND TO THE GRIEVANCE, BUT THE ISSUE @ HAND HAS PERSISTED, & I BELIEVE MR. DEVILLE, THE WARDEN HERE @ WNC, HAS KNOWLEDGE OF THE SITUATION, & SIMPLY REFUSES TO INTERVENE. (SEE, ATTACHED "A.R.P.," REFERENCED TO ABOVE, FROM 02-06-2017.)

FROM [redacted] DECEMBER 16, 2016 TO FEBRUARY 23, 2017, I'VE RECEIVED ELEVEN (11) FRAUDULENT DISCIPLINARY REPORTS BY STAFF & THE WNC ADMINISTRATIONS' CONCERTED EFFORTS TO RETALIATE AGAINST ME FOR TRYING TO SEEK FEDERAL & STATE ASSISTANCE RELATIVE TO MULTIPLE MURDERS & ASSAULTS/BATTERIES COMMITTED BY STAFF HERE @ WNC. NONE OF THE HEARINGS CONDUCTED HERE ARE RECORDED, SO THERE'S NO WAY TO SUBSTANTIALLY PROVE THAT THE DB BOARD MEMBERS VIOLATE LDPSC POLICY & REGULATIONS IN THEIR CONDUCTING THE HEARING. YOU'RE NOT ALLOWED TO PRESENT ANY VIABLE DEFENSE WITHOUT THE "CHAIRMAN," LT. PACKETT TELLING YOU TO "SHUT UP" OR ASSERTING THAT "WE'RE NO LONGER UNDER D.O.C. GUIDELINES, BUT B.J.G." I HAVE LOST MY CLEMENCY ELIGIBILITY DUE TO THESE UNLAWFUL ACTS OF RETALIATION. SOMETHING MUST BE DONE. I BELIEVE MY WELL-BEING IS IN JEOPARDY! PLEASE HELP!!

RESPECTFULLY SUBMITTED:
REV. [signature] S.:M.:

ATTACHMENT # 2 (C)

"EMERGENCY REQUEST FOR ADMINISTRATIVE REMEDY PROCEDURE," PURSUANT TO TITLE 15, SECTIONS 1171 ET SEQ., LA. REV. STAT.

FROM: REV. QUINTEN M. MORGAN, S.·. M.·.,
D.O.C. # 465482
SOUTHERN CORRECTIONAL CENTER (TALLULAH)

COMPLAINT:

ON 03/31/2017, I WAS TRANSFERRED BY WARDEN KEITH DEVILLE FROM THE WINN CORRECTIONAL CENTER TO THE S.C.C., FOR NOTIFYING HIM OF MY INTENTIONS TO SEEK FEDERAL ASSISTANCE FROM THE PROPER FEDERAL AUTHORITIES REGARDING SEVERAL FEDERAL CRIMES & CIVIL RIGHTS VIOLATIONS BEING [redacted] PERPETUATED BY THE ADMINISTATORS & STAFF @ WINN. ALTHOUGH BEING TRANSFERRED WAS ALSO A PART OF MY REQUEST, AS AN ACT OF RETALIATION, I WAS TRANSFERRED TO THE S.C.C. WITHOUT MY PERSONAL PROPERTY! WHEN I INQUIRED ABOUT THE MATTER, I WAS TOLD PRIOR TO LEAVING WINN BY A LT. BROWN & ANOTHER UNKNOWN TRANSPORTATION OFFICER, THAT IT WAS THE NIGHT SHIFT'S DUTY TO HAVE MY PROPERTY READY, & THAT IT WOULD PROBABLY BE SENT TO ME AT A LATER DATE --"PROBABLY," BUT NOT AFFIRMATIVELY. AS OF THE DRAFTING OF THIS A.R.P.,

(2)

04-19-2017, I HAVE YET TO RECEIVE MY PERSONAL PROPERTY. AND THIS, IN SPITE OF SEVERAL ATTEMPTS TO NOTIFY THE ADMINISTRATION HERE @ S.C.C.

IN ADDITION, I HAD AN ACCOUNT BALANCE OF $116.67 WHILE @ WINN THAT SHOULD HAVE BEEN SENT W/ ME HERE @ S.C.C. ASSUMING THAT IT DID, THE BANKING DEPT. HERE HAS YET TO PUT THE MONEY ON MY ACCOUNT HERE, DESPITE MY LACK OF PERSONAL PROPERTY. I DO NOT HAVE ANY OF MY LEGAL DOCUMENTS TO CONTINUE LITIGATION OF MY PENDING LEGAL MATTERS IN THE FEDERAL COURTS, NOR DO I HAVE ANY OTHER WRITING MATERIALS, HYGENE PRODUCTS, OR OTHER NECESSITIES -- AND THIS @ THE FAULT OF THE ADMINISTRATORS OF BOTH WINN CORRECTIONAL & SOUTHERN CORRECTIONAL CENTER(S).

DESIRED RELIEF:

WHEREFORE, & IN LIEU OF THE FOREGOING, IT IS MY DESIRE THAT THE ADMINISTRATORS @ WINN BE ORDERED TO APPREHEND MY PERSONAL PROPERTY OUT OF THE FACILITY'S "PROPERTY ROOM," & SEND IT PROMPTLY TO ME HERE @ S.C.C. FURTHERMORE, THAT THE ADMINISTRATORS HERE @ S.C.C. BE DIRECTED TO PLACE MY $116.67 ON MY ACCOUNT, ASSUMING IT'S BEEN SENT FROM WINN.

RESPECTFULLY SUBMITTED:

Rev. [signature]

(L.S.)

(3.)

DECLARATION:

AS TO THE STATEMENTS HEREIN:

PURSUANT TO 28 U.S.C., SECTION 1746, I, REV. QUINTEN M. MORAN (D.O.C. PRIS. ID. # 465482), DECLARE THIS 19TH DAY OF APRIL, 2017 A.D., UNDER PENALTY OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT.

REV. [signature]

(L.S.)

ATTACHMENT #2(D)

# Louisiana Department of Public Safety and Corrections
## Winn Correctional Center
## Personal Property Inventory Forms

| QTY. | | ITEM DESCRIPTION | DISP. K | S | M | A |
|---|---|---|---|---|---|---|
| | | **GENERAL POPULATION** | K | S | M | A |
| | (2) | Locks | | | | |
| | (12) | Underwear (White only) | | | | |
| | (2) | Gym Shorts, (Gray or White) | | | | |
| | (2) | Cutoff Jeans (Blue denim, min. 6" inseam) | | | | |
| 1 | (10) | Shirt (Blue chambray) | | 1 | | |
| | (12) | T-Shirt or Undershirt (White cotton only) | | | | |
| | (2) | Athletic Supp. | | | | |
| | (2) | Sweatpants, (Gray or White) | | | | |
| | (2) | Sweatshirt, (Gray or White) | | | | |
| | (4) | Winter Underwear (Gray or White) | | | | |
| | (12) | Socks (no camoflage, no pockets) | | | | |
| | (12) | Handkerchief (White only) incl. bandannas | | | | |
| | (2) | Pajamas (Gray or White, cotton only) | | | | |
| | (2) | Gloves | | | | |
| 1 | (6) | Jeans (Blue Denim, 4 pockets) | | 1 | | |
| | (2) | Headbands (White only) | | | | |
| 8 | (6) | 4 Towel/ 4 Facecloths(white only) | 6 | 2 | | |
| | (2) | Caps/baseball(wh/grey) knit(blue) | | | | |
| 1 | (4) | Shoes - Shower | 1 | | | |
| 2 | | Tennis: Brand | | 2 | | |
| | | WorkbootsState WNC Own | | | | |
| 1 | (3) | Belt | | 1 | | |
| 1 | (2) | Jacket: State WNC ✓ Own | | 1 | | |
| | (1) | Watch ($50.00 max. liability) | | | | |
| | | Description: | | | | |
| | (2) | Batteries (watch & radio) | | | | |
| | (1) | Ring(Wedding Band only) | | | | |
| | (1) | Wallet | | | | |
| | (1) | I.D. Case Holder | | | | |
| | (12) | Tapes (Cassette type) | | | | |
| | (1) | CD/Radio/Cassette:Brand | | | | |
| | (1) | Headphones Brand: | | | | |
| | (*) | Bible | | | | |
| | (*) | Legal Papers | | | | |
| | (*) | ✓ Books Magazines Album | | 1 | | |
| | (*) | Stamps pen pencil paper | | | | |
| | | Picture tickets | | | | |

| QTY. | ITEM DESCRIPTION | DISP. K | S | M | A |
|---|---|---|---|---|---|
| | **CANTEEN ITEMS** | K | S | M | A |
| 13 | Soap/ shampco deo powder 2 | 2 | 11 | | |
| | Coffee /Cocoa | | | | |
| | Sugar /Sweet n Low | | | | |
| | Creamer /Powdered Milk | | | | |
| | Soda /Breakfast Drink /Tea | | | | |
| | Bread Tortillas | | | | |
| | Crackers/ cheese regular | | | | |
| | Cookies /Cupcakes | | | | |
| | Honey Buns Pies Poptarts | | | | |
| | Jelly /Honey /Peanut Butter | | | | |
| | Ramon Soup Kipper snacks | | | | |
| | Beef Stew /Chili | | | | |
| | Spam /Potted Meat /Vienna | | | | |
| | Sardines /Oysters | | | | |
| | Mustard /Mayo /Sand Spread | | | | |
| | Squeeze butter Picante | | | | |
| | Chips /Popcorn | | | | |
| | Candy Nuts Beef stick | | | | |
| | Excedrin / Ibprofen | | | | |
| | Tylenol /Tylenol Allergy (2pk) | | | | |
| | Antibiotic Cream /Calamine Lotion | | | | |
| | Muscle Rub /Vapor Rub | | | | |
| | Milk Magnesia Pepto Tums | | | | |
| | Metamusil eyedrps nosespray | | | | |
| | Cough Syru /Cough Drops | | | | |
| | Q-tips Band-aids Chapstick | | | | |
| | Shoepolish Nailclippers | | | | |
| | Batteries razors | | | | |
| | Tumblers /Coffee Cups 1 /Bowls | | 1 | | |
| | Can Opener /Fork /Spoon | | | | |
| | Comb brush toothbrush paste 3 | 3 | 3 | | |
| | Soapdish royalcrown shavecream | 1 | 3 | | |
| | **TOBACCO PRODUCTS** | | | | |
| | Cigarettes (filter non-filter ) | | | | |
| | Buglar (pack) (can) | | | | |
| | Levi Garrett Timberwolf | | | | |
| | Matches Ash Tray | | | | |

**I understand that Winn Correctional Center or its management is not responsible for items I keep and will only compensate up to $50.00 total for damage to or loss of property they store.**

2 # of Bags Stored

INMATE NAME Quinton Morin SEAL ______ BIN # ______

INMATE'S SIGNATURE ______ D.O.C. # 465482

RECEIVING SUPERVISOR [signature] DATE ______ TIME ______

R/D INVENTORY ACCURATE Yes ☐ No ☐ ______ SIGNATURE DATE ______ TIME ______

PROPERTY ROOM SUPERVISOR ______ DATE ______

INMATE'S SIGNATURE [signature] DATE 02-21-2017

K - Keep
S - Storage
M - Mailed Home
A - Abandoned

Quantity of Cigarette allowed to be possessed at any one time may be determined by the Warden, but should not exceed 2 cartons, with only one open.

( ) AMOUNT DETAINEE ALLOWED
(*) ALL ITEMS MUST BE STORED IN AUTHORIZED STORAGE SPACE PROVIDED LA-0090

A1-13

ATTACHMENT #2(E)

Hunt Reception and Diagnostic Center
Admitting Unit (Intake)

Name Quinten MoRAn Number 465482 Date 4/24/2017

- 1 — 2 Prs. Work Boots or Tennis Shoes (state) (Low top only, no inflatable sole or plastic traction)
- 1 — 1 Pair Shower Shoes
- 0 — 10 Photos
- 1 — 2 Pens
- 1 — 2 Pencils
- 0 — 1 Book Postage Stamps (20)
- 1 — 10 Envelopes
- 0 — 20 Personal Letters and Cards
- 1/0 — 2 Eyeglasses
- 0 — 1 Radio/CD/Jay or Tape player
- 0 — Drivers License, ID, SScard, Birth Certificate sent to RECORDS
- 0 — 3 T Shirts (White)
- 2 — 3 Boxers (White)
- 0 — 3 Socks (White)
- 0 — 4 Books
- 0 — 1 Bible
- 0 — 1 Watch
- 0 — 1 Wedding Ring
- 0 — 1 Writing Tablet
- 1 — Legal Mail (Unlimited Amount)
- 0 — 1 Earphone
- 1 — 1 Jumpsuit
- 0 — Addresses & Phone Numbers
- 3 — 3 Bath towels
- 3 Face Towels
- 3 — 3 Tissue
- 1 Toothpaste
- 11 — 1 Toothbrush
- 1 — 1 Toothbrush Holder
- 1 — 1 Soap Dish
- 0 — 1 Comb (Plastic)

**The below listed items were sent home at my request:**

**Items Disposed:** 2 Bath towel 2 State tooth Paste, 3 Little Towel, 1 2 Soap 1 Deodorant

Offenders Signature [signature] Date 04-24-2017

Officers Signature [signature] Date 4-24-2017

Revised Jan. 2016

COPY (1) OF (3) /S/ REV. [signature] M.M.

06/15/2017.

ATTACHMENT #3(A)

"THIS IS A SENSITIVE ISSUE, EMERGENCY REQUEST FOR ADMINISTRATIVE REMEDY PROCEDURE, PURSUANT TO LA REV. STAT. 15:1171 ET SEQ.

TO: TOMMY GARATH,
A.R.P. SCREENING OFFICER, D.W.C.C.

FROM: REV. QUINTEN M. MORAN #465482
(D.W.C.C., N3-D1).

ON 06-12-2017, I ARRIVED @ D.W.C.C. FROM ELAYN HUNTS CORR. CENTER (H.R.D.C.). IN A MEETING W/ LT. COL. MAYS AND TWO (2) OTHERS, I WAS ADVISED THAT DUE TO MY "RECORDS" NOT COMING W/ ME, I WOULD BE PLACED IN ADMINISTRATIVE SEGREGATION ON MAXIMUM SECURITY. I WAS LATER MADE PRIVY BY OTHER OFFENDERS THAT THEIR RECORDS HAD NOT FOLLOWED THEM EITHER, YET THEY WERE NOT PLACED IN ADMINISTRATIVE SEG.

NOW, AS OF THE DATE OF THIS A.R.P., I'VE BEEN REASSIGNED FROM ADMINISTRATIVE SEG. TO "EXTENDED LOCKDOWN." THIS RE-ASSIGNMENT IS IN DIRECT VIOLATION TO MY RIGHT TO "PROCEDURAL DUE PROCESS." I'VE NOT BEEN FOUND GUILTY OF ANY RULE VIOLATION, OF WHICH, THE SANCTION WAS EXTENDED LOCKDOWN FOR A SPECIFIED AMOUNT OF DAYS. EVEN ~~[illegible]~~ ASSUMING, ARGUENDO, THAT A REVIEW OF MY DISCIPLINARY RECORD WOULD REVEAL A HORRENDOUS DISCIPLINARY PAST, "THAT" DOES NOT JUSTIFY IMPOSING A SANCTION STRICKLY CONFINED TO THE PARAMETERS OF BEING FOUND GUILTY OR PLEADING GUILTY TO RULE VIOLATIONS. THEREFORE, IT'S MY REQUEST THAT I BE ASSIGNED TO A CUSTODY STATUS COMPATIBLE W/ MY CONDUCT HERE @ D.W.C.C. FAILURE TO DO SO WILL RESULT IN FURTHER LEGAL REDRESS BEING SOUGHT AGAINST ALL LIABLE PERSONS INVOLVED.

ATTACHMENT #3 (B)

JUNE 16TH, 2017.

TO: THE U.S. DEPT. OF JUSTICE,
CIVIL RIGHTS DIVISION,
SPECIAL LITIGATION SECTION

LA. DEPT. OF CORRECTIONS
PO BOX 94304 - CAPITAL STATION
BATON ROUGE, LA 70804-9304

FROM: REV. QUINTEN M. MORAN #465482,
DAVID WADE CORRECTIONAL CENTER, LOUISIANA.

RE: FORMAL COMPLAINT RELATIVE TO VIOLATIONS OF THE "C.R.I.P.A." / OTHER PROVISIONS OF THE U.S.C.A.

COMPLAINT:

BE IT KNOWN THAT THIS COMPLAINT WAS ORIGINALLY DRAFTED ON FEBRUARY 17TH, 2017, WHILE STILL HOUSED AT THE WINN CORRECTIONAL CENTER IN WINNFIELD, LOUISIANA. IT WAS THERE THAT THE FOLLOWING INCIDENTS DID OCCUR:

1.) ON OR ABOUT THE FIRST WEEK OF AUGUST 2016, AN OFFENDER NAMED TIMOTHY DIVILLE WAS MURDERED BY CAPTAIN BOBBY TOLER, SGT. CRABTREE, SGT. JONES, & ANOTHER UNKNOWN CORRECTIONAL OFFICER. THIS INCIDENT WAS WITNESSED BY A SGT. PATTAINE, WHO HAS SINCE BEEN TERMINATED.

2.) ON OR ABOUT THE SECOND WEEK OF AUGUST 2016, AN OFFENDER WAS HUNG BY STAFF (CORRECTIONAL OFFICERS). IT WAS SAID THAT HIS DEATH WAS A SUICIDE, HOWEVER, WITNESSES TO THE INCIDENT SAY HE WAS MURDERED BY STAFF.

3.) CAPTAIN(S) BOBBY TOLER AND "CURRY", MAJOR GARY COLEMAN, CAPTAIN MICHEAL CORLEY, LT. JOHNSON, SGT. CRABTREE, SGT. JONES, AND WARDEN BILLY TIGNER ARE DIRECTLY RESPONSIBLE FOR AND GUILTY OF NUMEROUS AGGRAVATED ASSAULTS AND BATTERYS AGAINST OFFENDERS AT WINN CORRECTIONAL CENTER, PRIMARILY RANGING FROM THE DATES OF THE SECOND WEEK OF AUGUST 2016 THROUGH

MARCH 31ST, 2017.

4.) ALL OF THE ABOVENAMED PERSONS, INCLUDING WARDEN(S) KEITH DEVILLE, JODY FLOYD, AND BILLY TIGNER, SHERIFF DEPUTY WILY (W.C.C. INVESTIGATOR), AND ANNE BOYD, ARE GUILTY OF NUMEROUS CIVIL RIGHTS VIOLATIONS AGAINST THE GENERAL POPULATION AT WINN.

5.) ON 03-31-2017, I WAS TRANSFERRED (AS AN ACT OF RETALIATION FOR THREATENING THE STAFF/ADMINISTRATION WITH THE PROSPECT OF FEDERAL INTERVENTION RELATIVE TO THE GROSS CORRUPTION AND CRIME @ WINN) TO MADISON PARISH DETENTION CENTER WITHOUT MY PROPERTY, WHICH NOW (TWO MONTHS LATER) CANNOT BE FOUND. I'VE SUFFERED INCALCULABLE AND IRREPARABLE LOSS, AS A RESULT. INCLUDED IN THE PROPERTY WERE LAW BOOKS, RELIGIOUS BOOKS, LEGAL DOCUMENTS RELATIVE TO MY CRIMINAL CASE, MY WEDDING BAND, FAMILY PHOTOS, LETTERS, CARDS, AND ORIGINAL LITERARY WORKS (i.e., "3-BOOKS").

6.) FROM DECEMBER 16, 2016 TO FEBRUARY 23, 2017, I WAS THE VICTIM OF A CONCERTED EFFORT BY WINN STAFF AND ADMINISTRATION TO DISCREDIT ME BY WAY OF DISCIPLINARY ACTIONS. IN APPROXIMATELY SEVENTY (70) DAYS, I WAS PENALIZED WITH ELEVEN (11) DISCIPLINARY REPORTS, & SANCTIONED ON EACH. EACH REPORT WAS FRAUDULENT. EACH DISCIPLINARY HEARING WAS AN INFRINGEMENT OF MY RIGHT TO PROCEDURAL DUE PROCESS. DUE TO THESE ACTIONS, I HAVE BECOME INELIGIBLE FOR CLEMENCY, AS WELL AS SUBJECTED TO OTHER FORMS OF DISCRIMINATION AND DISCIPLINARY SANCTIONS AT OTHER FACILITIES.

7.) DUE TO THE ACTIONS DEFINED IN THE ABOVE NUMBERS "5" AND "6," I HAVE SUFFERED THE LOSS OF MY MARRIAGE OF FIVE (5) YEARS.

WHEREFORE, AND IN LIEU OF THE FOREGOING, IT IS REQUESTED THAT A FORMAL INVESTIGATION BE CONDUCTED INTO THE ALLEGATIONS AND ACCUSATIONS HEREIN THIS FORMAL COMPLAINT AS THE ABOVE ALLEGATIONS ARE/WERE RACIALLY MOTIVATED, ACCORDING TO MY KNOWLEDGE, INFORMATION, AND BELIEF.

PAGE 3) OF (3)

DECLARATION:

AS TO THE STATEMENTS HEREIN:

PURSUANT TO 28 U.S.C., SECTION 1746, I, REVEREND QUINTEN M. MORAN (OMS. LICENSE No. 35430), DECLARE THIS 17TH DAY OF JUNE, 2017 A.D., UNDER PENALTY OF PERJURY, THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO MY KNOWLEDGE AND BELIEF.

+ Rev. [signature] M.M.

(L.S.)

ATTACHMENT # 3(c)

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2017 -0435

TO: QUINTEN MORAN 465482
Offender's Name and Number

N2D
Living Quarters

06/12/2017
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

06/21/2017
Date

Tommy Garrett
Warden's Signature or Designee

ATTACHMENT # 3(D)

CASE NUMBER: DWCC-2017-0435

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: MORAN, QUINTEN 465482 N2D
Living Quarters

Response to request dated 06/12/2017, received in this office on 06/21/2017

I received your request for administrative remedy in which you claim that your "procedural due process" rights are being violated due to being placed on extended lockdown from administrative segregation on June 15, 2017. You arrived at David Wade Correction Center on the evening of June 12, 2017 from HUNT Reception and upon arrival the initial classification board informed you that your master prison record was not received by DWCC personnel and for this reason you were being placed in administrative segregation until DWCC classification could review your record and also review your conduct while housed at other facilities. Once your record was received, it was noted that you received several rule violations while housed at WINN Correctional Center prior to being transferred to Hunt. On February 02, 2017 while housed a WNC you were heard in court, via telecommunications, by Warden Batson and a member from classification here at DWCC for a contraband (rule-1) violation for which you pled guilty and were found guilty. That contraband turned out to be a six-inch shank that was found in your property and is a prohibited dangerous weapon in an institutional setting. More recently, on June 02, 2017 while housed at HUNT you were written up for, and found guilty for, general prohibited behavior (rule-30u) for having a "wick" in your possession. The decision of the initial classification board was not a sanction nor was it punitive, but rather, it was an administrative decision based on your history of rule violations. It is the mission of the Department of Public Safety and Corrections to provide for the safety of staff and the offender population by maintaining an organized and disciplined system of operation which enhances the stability of this facility through suitable housing for all offenders. Minimum and medium custody housing is reserved for offenders who share common goals and have shown a willingness to coexist with others. After review, I find no merit in your complaint, no reason to reconsider the decision of the initial classification board and also no reason for administrative intervention at this time.

Prepared by: [signature]
Mark Hunter/ARDC Specialist II

7/3/17
Date

[signature]
Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason:

Date

Offender's Signature DOC#

PG. 1 of 3

ATTACHMENT #1

CASE No. DWCC - 2017 - 0435
2ND STEP RESPONSE (OFFENDER)

TO: SECRETARY LEBLANC,
HEADQUARTERS, INTERNAL AFFAIRS, OAS

THE ARDC SPECIALIST, MR. MARK HUNTER, ALLEGES THAT AFTER A REVIEW OF MY MASTER RECORD, IT WAS NOTED THAT I HAD RECEIVED "SEVERAL RULE VIOLATIONS WHILE HOUSED AT WINN CORRECTIONAL CENTER." WHEREAS THIS IS TRUE, WHEN CONSIDERING THESE RULE VIOLATIONS, IT MUST BE UNDERSTOOD THAT THERE WERE "UNUSUAL CIRCUMSTANCES" LEADING UP TO THESE "ALLEGED" INFRACTIONS. SEE, "ATTACHMENT #2." THIS PARTICULAR GRIEVANCE WAS NEVER ADDRESSED.

MR. HUNTER ALSO ADDRESSES THE ISSUE OF A RULE (30U) VIOLATION, FOR ALLEGEDLY HAVING A "WICK" IN MY POSSESSION, AND ALLEGES THAT I WAS "WRITTEN UP" AND "FOUND GUILTY." HOWEVER, A CLOSE EXAMINATION OF THE RECORD WILL REFLECT THAT ALTHOUGH I WAS "WRITTEN UP," AND AN INITIAL DISCIPLINARY HEARING WAS CONDUCTED, THE DISPOSITION OF THE DB BOARD WAS TO "DEFER" THE WRITE-UP. I WAS TRANSFERRED TO DWCC DAYS LATER WITHOUT THE MATTER HAVING BEEN FULLY RESOLVED. THERE IS NO RECORD THAT I WAIVED MY RIGHT TO BE PRESENT AT ANY STAGE OF THE HEARING (e.g., "SENTENCING"), OR THAT I WAS "FOUND GUILTY." FURTHERMORE, THE DB BOARD AT HUNT ERRORED IN ITS DISPOSITION OF THIS PARTICULAR WRITE-UP. A REVIEW OF THE DISCIPLINARY HEARING RECORDING WILL REFLECT THAT →

→ AT THE TIME OF THE HEARING, I MADE ORAL MOTIONS AND REQUESTS, 1) FOR THE WRITE-UP TO BE DISMISSED FOR LACK OF EVIDENCE, AND 2) FOR THERE TO BE A REVIEW OF THE "PELCO SECURITY CAMERA SYSTEM" TO PROVE THE GROSS INCONSISTENCIES AND FRAUDULENCE OF THE DISCIPLINARY REPORT. HOWEVER, THE DB BOARD NOT ONLY DENIED BOTH ORAL MOTIONS/REQUESTS, BUT CONCEDED TO THE FACT THAT THERE WAS AN LACK OF EVIDENCE -- DIRECTLY VIOLATING LDPSC REGULATIONS AND THE DISCIPLINARY RULES AND PROCEDURES -- AND THEN DEFERRED THE WRITE-UP UNTIL THEY COULD "SPEAK WITH THE REPORTING OFFICER" AS TO WHY SHE DIDN'T FOLLOW DEPT. REGULATION AND ATTACH TO THE DISCIPLINARY REPORT "A DESCRIPTION OF... ANY PHYSICAL EVIDENCE AND ITS DISPOSITION" (CHAPTER 2, SECTION 1(A)1(C) iii) OR THE ACTUAL ALLEGEDLY CONFISCATED CONTRABAND AT ISSUE. THE WRITE-UP SHOULD'VE BEEN DISMISSED INSTEAD OF DEFERRED TO ALLOW HER A CHANCE TO "FIX" HER FRAUDULENT, UNCLEAR, IMPERCISE REPORT. ON THIS POINT, I DIGRESS. THE ISSUE AT HAND REGARDS ME BEING IMPROPERLY AND UNCONSTITUTIONALLY PLACED ON DISCIPLINARY DETENTION/ EXTENDED LOCKDOWN, FOR WHAT'S NOW KNOWN TO BE FRAUDULENT MISINFORMATION CONCERNING MY DISCIPLINARY RECORD. HAD THE DEPARTMENT RECEIVED AND REVIEWED THE ISSUE(S) [redacted] AGGRIEVED IN THE AFOREMENTIONED AND REFERENCED A.R.P.s, AND RESOLVED THOSE ISSUES THEN, THE MATTER IN QUESTION NOW POSSIBLY WOULD CEASE TO EXIST. AND THIS, ASSUMING, ARGUENDO, THAT THE GRIEVANCES DID, IN FACT, REACH THEIR DESTINATION!

FINALLY, MR. HUNTER ASSERTS THAT "THE DECISION OF THE INITIAL CLASSIFICATION BOARD WAS NOT A SANCTION NOR WAS IT PUNITIVE, BUT RATHER, IT WAS AN ADMINISTRATIVE DECISION BASED ON [MY] HISTORY OF RULE VIOLATIONS." I DISAGREE. ACCORDING TO THE DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS, "DISCIPLINARY DETENTION/EXTENDED LOCKDOWN" IS A DISCIPLINARY SANCTION, AND NO AMOUNT OF DECEPTIVE WORD-PLAY WILL CHANGE THAT! I UNDERSTAND THAT "THAT'S THE POLICY HERE AT DWCC," BUT THAT POLICY IS UNCONSTITUTIONAL, BEING AN INFRINGEMENT AND DENIAL OF OFFENDERS' RIGHT TO PROCEDURAL DUE PROCESS AND THE RIGHT AGAINST CRUEL, UNUSUAL, AND EXCESSIVE PUNISHMENTS. THE POLICY IS SYNONYMOUS WITH A PERSON MOVING TO A NEW STATE, BEING THEN ARRESTED AND JAILED, NOT BECAUSE HE'S COMMITTED A "NEW CRIME," BUT BECAUSE HE COMMITTED A CRIME IN HIS PREVIOUS STATE OF RESIDENCE, COMPLETED HIS SENTENCE AND SUBSEQUENT PAROLE, AND YET, STILL HAS THAT "OLD" CRIME ON HIS RECORD. A POLICY OF THAT NATURE IS UNETHICAL, IMMORAL, AND CONTRARY TO THE DIRECTION OUR LEGISLATURE'S TAKEN IN RECENT TIMES, AS WELL AS, TO THE "SPIRIT" OF THE LDPSC. IF THIS POLICY WAS IN ANY WAY ACCEPTABLE, IT WOULD'VE LONG BEEN ADOPTED BY THE DEPT. AND INSTITUTED AS A REGULATION TO BE ENFORCED AT ALL LDPSC FACILITIES. BECAUSE IT IS NOT, ON THIS POINT I ALSO DIGRESS.

RESPECTFULLY SUBMITTED:

+REV. [signature] S.·. M.·.

ATTACHMENT # 3(F)

# MEMO

TO: Quinten Moran, 465482 N2D

FROM: Shannon Bordelon
Administrative Program Specialist C
DWCC/Legal Programs

DATE: July 11, 2017

RE: ARP-DWCC-17-0435
ARP-DWCC NUMBER

Your request to have the above referenced Administrative Remedy Procedure (ARP) sent to the Secretary has been received.

The necessary documents have been sent to the Secretary for review.